"On 21 January, 1884, the defendants executed to plaintiff Stanford a mortgage deed in fee simple with the following habendum and warranty, to wit: "To have and to hold said lands to the party of the second part and his heirs, executors and administrators forever, and the said parties of the first part do for themselves, their heirs and assigns, agree and covenant to and with said party of the second part to forever warrant and defend the title of the said lands to the said party of the second part, his heirs and assigns." This mortgage conveyed the real estate in controversy, and was made to secure a note under seal recited therein for $150, to be due 1 January, 1885, and was probated and recorded 27 January, 1885, and on the 26 January, 1885, the said mortgage was transferred by plaintiff Stanford to plaintiff Hussey in the following words endorsed on back of mortgage: "Warsaw, N.C. 26 January, 1885. I hereby transfer all my right and interest in and to the within mortgage to L. Hussey, his heirs and asigns, this day and date. A. J. Stanford." Said note was at the same time assigned and transferred to Hussey, who is now the owner of it. No payment has ever been made on said note and mortgage. The transfer by Stanford to Hussey was not recorded. This suit was brought by plaintiffs Hussey and Stanford to foreclose the said mortgage. On 8 March, 1883, the defendants, Friday Hill and wife, executed to the plaintiff, L. Hussey, upon the same land in controversy a mortgage deed to secure an indebtedness therein expressed of two hundred and twenty-five dollars, divided into two notes, the last of which to be due 1 January, 1885. Said mortgage deed was duly recorded on 10 March, 1883, and contained a power of sale by the said party (320) of second part, his heirs, executors, administrators and assigns.'
"This mortgage was assigned in the following words and endorsed on back of mortgage: `I hereby transfer the within mortgage and notes to W. L. Hill, 10 January, 1887. L. Hussey.' That at the time of said transfer Hussey did not notify Hill that he was the owner or held the second mortgage. Said transfer or assignment from Hussey to Hill was never registered. W. L. Hill advertised, purporting to follow the conditions of the mortgage assigned to him by Hussey as aforesaid, and sold the lands therein described at the courthouse door in Kenansville on 6 February, 1888, and one J. S. Wilson became the purchaser at this sale. On 20 February, thereafter, Hill executed to Wilson a deed purporting to be in fee for the land, and under the power in the mortgage assigned by Hussey to Hill as aforesaid. Said Wilson purchased for value and without notice other than that given by the registration of said mortgage *Page 188 
deed, of which registration he had no actual notice, and after said sale took possession of the lands and received the rents and profits for one year.
"Afterwards and before the institution of this action the defendant Friday Hill bought the land from Wilson for value, and the said Wilson executed to him a deed with covenants of seizin, freedom from encumbrances and general warranty.
"This deed was recorded 2 December, 1890. This action was begun 19 November, 1894.
"It was agreed that the foregoing were the facts of the case upon which the plaintiffs' rights to foreclose depended, and upon said facts the court should render judgment. The defendant moved for (321) judgment in his favor upon the facts. Refused by the court. Defendant excepted. Judgment was rendered for the plaintiff, Hussey. Defendants excepted and appealed, assigning the following errors:
"I. For that his Honor erred in holding upon the admitted facts that the plaintiff Hussey was not estopped from denying the foreclosure sale and the regularity thereof by his assignee, W. L. Hill.
"II. For that his Honor erred in holding that the plaintiff Hussey was not estopped to set up his second mortgage against his assignee and those claiming under him when Hussey sold the first mortgage and failed to give his assignee any information at the time he held this second mortgage.
"III. For that his Honor erred in holding that the plaintiff Hussey was entitled to any judgment.
"IV. For that his Honor erred in holding that the plaintiff Hussey, mortgagee, could attack the irregularity of the sale, if the sale was irregular.
"V. For that his Honor erred in holding that the plaintiff Hussey was entitled to any judgment in that defendant Hill held the legal title with covenants of warranty from a bona fide purchaser under Hussey's first mortgage, which carried the legal title."
It seems to us that none of the questions argued in this Court are presented by the record. The exceptions seem to be intended to present a question of estoppel as to the plaintiff Hussey, arising out of his assignment of his note and mortgage, of a prior date to the Stanford note and mortgage, after he had become the assignee and owner of the Stanford note and mortgage; the validity of the Wilson sale, as assignee *Page 189 
of Hussey; and as to whether the defendant Friday Hill is (322) estopped by his subsequently acquired title through and under the Wilson sale.
These are interesting questions, but as they do not arise in this case, we are not called upon to decide them, and any opinion we might express as to them would be but obiter.
These questions can only arise, should the title of the land become involved, between the purchaser under the Stanford mortgage and the defendant who now claims to hold under the Hussey mortgage through the Wilson foreclosure sale.
This is simply an action of debt upon a note of hand, and to foreclose a mortgage given to secure the payment of the note. The mortgage is but the incident of the debt. The execution of the note is admitted, and the execution and registration of the mortgage are admitted, and it is also admitted that the note had not been paid. These admissions entitled the plaintiff to judgment, ascertaining his debt, and to a sale and foreclosure of the mortgaged premises.
As to whether the defendant Friday Hill has a good title, or any title, to the mortgaged land, does not come in question in this action. The judgment is AFFIRMED.
Cited: S. c., 120 N.C. 312.
(323)